# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JOHN DAVID RICHARDSON,　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
ADC #158753, et al.

v.　　　　　　　　　　　　　3:14CV00243-JLH-JTK

CRAIGHEAD COUNTY DETENTION
CENTER, et al.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.　Why the record made before the Magistrate Judge is inadequate.

2.　Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff John David Richardson is an inmate confined at the Craighead County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action, alleging numerous unrelated claims against numerous Defendants (Doc. No. 2).  By Order dated October 22, 2014, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and directed him to file an Amended Complaint, noting that his Complain failed to state a claim upon which relief may be granted. (Doc. No. 3). The Court also noted that the Amended Complaint would render the Original Complaint without legal effect.  Plaintiff has now filed an Amended Complaint, adding a co-Plaintiff, Charles Bausley, and more Defendants (Doc. No. 5).  Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

As stated in the October 22, 2014 Order, in order to state a claim for relief under § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of a constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993). Two Defendants, the Jonesboro Sun and the KAIT 8 News Crew, however, are private companies and not state actors. In addition, the Craighead County Detention Center (Jail) and the Jonesboro Police Department are not considered persons subject to suit in this action. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities). Therefore, Plaintiff's allegations against these Defendants should be dismissed.

Plaintiff also alleges harassment and improper conditions of confinement by unnamed individuals at the Jail. In the Court's October 22, 2014 Order, it directed Plaintiff to "name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue," and "provide specific facts against each named Defendant." (Doc. No. 3, p. 4.) However, Plaintiff's failure to abide by this directive renders his Amended Complaint too vague and conclusory to support a constitutional claim for relief. In addition, allegations of harassment and name-calling by unknown employees of the Jail fail to support a constitutional claim for relief. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)).

Plaintiff also names as Defendants the Craighead County Circuit Court, the Arkansas Department of Human Services, Deputy Public Defender Charlene Henry, and Circuit Judge John Langston. He does not include any specific allegations against any of these Defendants, other than to claim that he was improperly arrested.[1] To the extent that he is challenging his arrest and subsequent conviction, the Court finds that he seeks habeas corpus relief, which cannot be granted in an action filed pursuant to § 1983. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In addition, an allegation against Defendant Henry is barred by sovereign immunity. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). See also Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988). And, judges who are sued under § 1983 also are immune from liability for damages for judicial acts they perform, as long as they do not act in "absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-7 reh'g denied, 436 U.S. 951 (1978), citing Bradley v. Fisher, 13 Wall. 335, 351 (1872). Since Plaintiff does not specifically allege a constitutional violation by Defendant Langston, he also should be dismissed.

Finally, co-Plaintiff Charles Bausley should be dismissed. Although Plaintiff names Bausley in his Amended Complaint, he does not refer to him in his Statement of Claim, and it is unclear how Bausley is involved with the allegations set forth.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to

---

[1] According to www.yourprosecutor.org/2014/08/jonesboro, Plaintiff was sentenced to 33 years in prison on August 22, 2014, after pleading guilty to charges of raping three minor children.

state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 14th day of November, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.